J-S52003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.            :
:
:
JEFFREY LITTLE          :
:
Appellant     :   No. 105 EDA 2020

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011677-2011

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:        **FILED DECEMBER 21, 2020**

Jeffrey Little appeals from the order entered in the Philadelphia County Court of Common Pleas on December 13, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. For the reasons discussed below, we find the PCRA court properly denied Little relief and affirm.

On April 9, 2014, Little entered a negotiated guilty plea to third-degree murder and robbery.[1] The trial court imposed the negotiated aggregate

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court had previously conducted a hearing, on October 7, 2013, on Little's motion to suppress a statement he made to police. On November 4, 2013, the court issued an order and opinion denying the motion.

sentence of thirty to sixty years' incarceration. Little did not file post-sentence motions or a direct appeal.

On March 13, 2015, Little filed a timely *pro se* PCRA petition and shortly thereafter filed a supplemental petition. PCRA counsel was appointed who subsequently filed a petition to withdraw and a **Finley**[2] no-merit letter. After issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition.

On August 28, 2019, Little filed a "Motion to Correct Illegal Sentence Merger Issues", contending his sentences for third-degree murder and robbery should have merged. While that petition was still before the PCRA court, Little filed another petition, on October 28, 2019, framed as a petition for writ of *habeas corpus*, in which he claimed his sentence was illegal because the sentencing court violated the double jeopardy clause by not merging the sentences on both counts.

The PCRA court, concluding that Little's claims asserted the illegality of his sentence, correctly treated his petitions as PCRA petitions subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition"); **see also**

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. West,* 938 A.2d 1034, 1043 (Pa. 2007) (stating the PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act). On that basis, the PCRA court determined that Little's petitions were untimely, and that he had not pled an exception to the time bar. As such, the court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petitions, and subsequently dismissed the petitions as untimely. This timely appeal followed.

Prior to reaching the merits of Little's claims on appeal, we must first consider the timeliness of his PCRA petition[3]. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

---

[3] Since both of Little's petitions seek the same relief on essentially the same arguments, we conclude that his second petition constitutes a supplement to his previous filing. *See Commonwealth v. Bauhammers*, 92 A.3d 708, 730-31 (Pa. 2014).

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Since Little did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on May 9, 2014, when his time for seeking direct review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed over five years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Little's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also***

Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Little has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Little failed to make any attempt to plead an exception in either of his filings. **See** Motion to Correct Illegal Sentence Merger Issues, filed 8/28/2019; **see also** Writ of *Habeas Corpus*, filed 10/28/2019. Even on appeal, he makes no attempt to argue that a time bar exception applies; he merely contends that his petition should not have been treated as a PCRA petition. **See** Appellant's Brief, at 21 (unnumbered). As noted above, the court properly classified Little's petition as a PCRA petition. **See West**. Accordingly, we affirm the PCRA court's order denying Little's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/20